# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRIORITY AMBULANCE HOLDINGS, LLC and CENTRAL EMERGENCY MEDICAL SERVICES, LLC. | : | |
| | : | |
| Defendants | : | **DECEMBER 7, 2018** |

## COMPLAINT FOR DECLARATORY RELIEF

1. Jurisdiction is based on complete diversity of citizenship, pursuant to 28 U.S.C. § 1332 subdivision (a)(1), and the amount in controversy exceeds $75,000, excluding interest and costs.

2. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391, subdivision (b)(1) because the Eastern District of Tennessee is where Defendant companies reside pursuant to 28 U.S.C. Section 1391, subdivision (c).

3. Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), is a corporation organized under the laws of the State of Pennsylvania. National Union transacts business in the State of Tennessee and maintains its primary administrative offices at 175 Water Street, New York, NY 10038.

4. Defendant Priority Ambulance Holdings, LLC ("Priority Ambulance"), is a corporation organized under the laws of Delaware and maintains its primary administrative offices at 910 Callahan Drive, Knoxville, Tennessee.

1

5. Defendant Central Emergency Medical Services, LLC ("Central EMS") is a limited liability company formed in Georgia and maintains its primary administrative offices at 910 Callahan Drive, Knoxville, Tennessee.

6. National Union issued Business Auto Policy No. 3482710 (the "Policy") to Priority Ambulance, at 910 Callahan Drive, Knoxville, Tennessee, and Defendant Central EMS is an insured under the Policy by endorsement as a company acquired by Priority Ambulance in July, 2015. A true and accurate copy of the Policy is attached as **Exhibit A**.

7. National Union brings this action seeking a judicial declaration that Defendants' breach of conditions required for coverage under the Policy relieve National Union of its obligations thereunder in connection with an underlying lawsuit against Central EMS: *David H. Smith v. Central Emergency Medical Services, LLC and Misty Y. Archer*, filed in the State Court of Gwinnett County, State of Georgia under Case No. 18C-00872-6 (the "Smith Lawsuit"). A true and accurate copy of the Smith Lawsuit is attached hereto as **Exhibit B**.

## UNDERLYING CLAIM AND INVESTIGATION

8. The Smith Lawsuit stems from a two-vehicle motor vehicle collision that occurred at approximately 8:00 am on August 6, 2016 at an intersection in Cummings, Georgia.

9. The underlying claimant in the Smith Lawsuit, David Smith, was operating his vehicle on Crossroads Road approaching an intersection, while Misty Yvette Archer, in the course of her employment with Central Emergency Medical Services, LLC ("Central EMS"), was operating an ambulance on Route 400, also approaching the intersection.

10. Smith claimed he heard no sirens and saw no lights until his vehicle collided with the ambulance in the intersection. As a result of the accident, Smith claimed injuries to his left ribs, right shoulder and right elbow, and he later underwent shoulder surgery for a right rotator cuff tear.

11. National Union was provided notice of the subject accident on or about August 9, 2016 and, shortly thereafter, opened an investigation.

12. National Union determined that liability was contested; as evidence from the ambulance driver indicated that the insured ambulance had its lights and sirens on as it entered the intersection, it therefore had the right of way.

13. Information from the event data recorder (EDR) in Smith's truck indicated that Smith slowed slightly upon entering the intersection, but that he was in the process of accelerating slightly when the collision occurred, supporting his claim that he failed to hear or see the ambulance prior to collision.

14. National Union continued to investigate and attempted settlement of the disputed claim for more than a year and a half.

15. Over that time period, National Union sought information from Priority Ambulance necessary to the defense of the claim, including on at least three occasions, specifically requesting a copy of any suit papers, if served. These numerous messages from National Union's claims handlers requesting information from a certain risk management employee at Priority Ambulance were never returned.

16. National Union's claims handler also inquired of Smith's attorneys as to whether suit had been filed and then sought to obtain a copy of the suit if and when filed, but the same was never provided.

17. Although the Smith Lawsuit had, in fact, been served on Priority Ambulance on or about February 8, 2018, Priority Ambulance failed to provide notice of this suit or forward the summons and complaint to National Union.

18. National Union was able to obtain a copy of the court docket in mid-August, 2018, at which time it was first discovered that a default motion had been filed against Central EMS on May 4, 2018 and that judgment had entered against it on August 1, 2018. A day later, National Union discovered that the default judgment had entered in the amount of $700,000, including $500,000 in bodily injury damages and $200,000 in litigation expenses – an amount far greater than the previous demand. A true and accurate copy of the judgment entered against Central EMS is attached hereto as **Exhibit C**.

19. After obtaining a copy of the Smith Lawsuit by way of its own efforts, National Union agreed to tender a defense to Central EMS, under a complete reservation of rights, in an effort to open the judgment. Such efforts were unsuccessful.

**INSURANCE COVERAGE UNDER LEXINGTON POLICY**

20. National Union issued the Policy, Business Auto Policy No. 3482710, bearing effective dates of July 1, 2016 to July 1, 2017, to Priority Ambulance Holdings, LLC.

21. That Policy provides, in relevant part, under SECTION II – COVERED AUTOS LIABILITY COVERAGE:

\*\*\*\*

    **A. Coverage**
    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

    . . .

4

> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. . . .

\*\*\*\*

22. The Policy also sets forth the following relevant conditions under SECTION IV – BUSINESS AUTO CONDITIONS:

\*\*\*\*

> **A. Loss Conditions**
>
> . . .
>
> **2. Duties in the Event of Accident, Claim, Suit Or Loss**
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> . . .
>
> **b.** Additionally, you and any other involved "insured" must:
>
> . . . .
>
> (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
>
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit."

\*\*\*\*

23. Priority Ambulance and Central EMS violated Loss Condition **2.b.**, as they failed to "[i]mmediately send" a copy of the Smith Lawsuit to National Union.

24. Although Smith brought a complaint against Central EMS in February 2018, and Priority Ambulance and/or Central EMS confirmed that service of that lawsuit was

5

properly made on Central EMS, National Union did not receive a copy of the complaint until more than six months later, when it obtained a copy solely by way of its own investigation.

25. Priority Ambulance and Central EMS violated Loss Condition **2.c.**, as they failed to cooperate with National Union in the investigation of the claim and defense against a "suit."

26. Priority Ambulance and/or Central EMS failed and refused to respond to repeated messages from National Union's claims handlers seeking to investigate and defend against the Smith Lawsuit.

27. Defendants' failure to abide by the Policy Conditions deprived National Union of its right to defend and/or settle the Smith Lawsuit.

28. Defendants' breach of the Policy Conditions resulted in the entry of a default judgment of $700,000, an amount far greater than had been previously demanded, which judgment could not be opened.

29. Despite Priority Ambulance's breach of the Policy's conditions, it has demanded that National Union pay the judgment entered in the Smith Lawsuit thereby creating an actual case or controversy that requires adjudication.

## CLAIM FOR DECLARATORY RELIEF

30. National Union incorporates paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. National Union seeks a judicial determination and declaration of its obligations under the Policy pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, with respect to the following:

a. Priority Ambulance and Central EMS materially breached the Policy's Conditions (Section IV., A.2.b.(2)), which required them to "immediately send [National Union] copies of any . . . notice, summons or legal paper received concerning the claim or 'suit'," a condition precedent to coverage, by failing to immediately send National Union copies of the summons and complaint in the Smith Lawsuit;

b. Priority Ambulance and Central EMS materially breached the Policy's Conditions (Section IV., A.2.b.(3)), which required them to "cooperate with [National Union] in the investigation or settlement of the claim or defense against the 'suit'," a condition precedent to coverage, by failing to send National Union copies of the summons and complaint in the Smith Lawsuit despite National Union's repeated requests for the same;

c. Priority Ambulance and Central EMS materially breached the Policy's Conditions (Section IV., A.2.b.(3)), a condition precedent to coverage, by failing to return messages left by National Union or provide any information to National Union as to service of process of the Smith Lawsuit despite National Union's repeated requests for said information.

d. The breach of Policy Conditions deprived National Union of the ability to defend against or settle the Smith Lawsuit, which involved contested liability.

e. National Union had no duty to defend Central EMS in connection with the Smith Lawsuit as Priority Ambulance and Central EMS failed to comply with and breached their duties thereunder.

f. National Union has no duty to provide indemnity coverage under the Policy in connection with the Smith Lawsuit as Priority Ambulance and Central EMS failed to comply with and breached their duties thereunder.

g. Any claim for indemnity by contract between Priority Ambulance and/or Central EMS and David Smith or any other third party arising from the Smith Lawsuit is not binding upon National Union.

## PRAYER FOR RELIEF

National Union prays for judgment against Priority Ambulance as follows:

1. For a declaratory judgment as alleged above; and
2. Such other relief as is just and proper.

Respectfully submitted,

Dated: December 7, 2018

PLAINTIFF,
NATIONAL UNION FIRE INSURANCE COMPAN OF PITTSBURGH, PA

By: /s/
Robert Blanchfield, Esq.(#027654)
Gordon Rees Scully Mansukhani, LLP
222 Second Avenue South, Suite 1700
Nashville, TN  37201
Tel:  (615) 640-0976
Fax:  (615) 970-7490
rblanchfield@grsm.com

## **CERTIFICATION**

I hereby certify that on December 7, 2018, the foregoing was electronically filed and served by mail on anyone unable to receive notice of electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to receive notice of electronic filing as indicated in the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

_____/s/_____<br>
Robert Blanchfield, Esq.